UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BEACH CO., LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>EXQLINE, INC., et al.,<br><br>   Defendants. | Case No. 20-cv-01994-TSH<br><br>**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 17 |

## I.  INTRODUCTION

Plaintiff The California Beach Co., LLC ("CBC") seeks an order pursuant to Federal Rule of Civil Procedure 4(f)(3) authorizing substituted service of process on Defendant Exqline, Inc. through its U.S.-based counsel, Jeffrey Yee of Lewis Brisbois & Smith, LLP, and for substituted service of process on Defendant Shopify Inc. through email.  ECF No. 17.  No opposition has been filed.  The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 23, 2020 hearing.  *See* Civ. L.R. 7-1(b).  Having considered CBC's arguments and the relevant legal authority, the Court **GRANTS** its motion for the following reasons.

## II.  BACKGROUND

CBC is the exclusive distributor of the POP N GO PLAYPEN®, a portable kid's playpen. Compl. ¶ 3, ECF No. 1.  It alleges Exqline sells a knockoff playpen in the United States via its website www.exqline.com and on Amazon, Ebay, and other websites believed to be owned and operated by Exqline such as www.thebestplaypen.com.  *Id.* ¶ 5.  Exqline is a foreign corporation with listed addresses at R 705, Yu An Commercial Building, 518101 Shenzhen China; 4101 W 42 PL, Chicago, IL, US 60632; and 13620 Benson Ave. Suite B Chino, CA 91710.  *Id.* ¶ 6.  Shopify serves as the e-commerce platform (online store) for Exqline.  *Id.* ¶ 43.  It is a corporation

organized and existing under the laws of Canada with its principal place of business at 150 Elgin Street, 8th Floor, Ottawa, Ontario, Canada. *Id.* ¶ 8. CBC filed the present complaint on March 20, 2020, alleging patent infringement, trademark infringement and claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and False Advertising Law, Cal. Bus. & Prof. Code § 17500.

Despite repeated attempts, CBC has been unable to serve Exqline. On April 8, 2020, CBC attempted service at 4101 W 42 PL, Chicago, IL, US 60632, which is the U.S. office address location that was advertised and listed on the Exqline website at the time the complaint was filed. Pellant Decl. ¶ 3, ECF No. 18. According to the process server, "the business currently located at this address is Monda Windows & Cabinets. The business was currently closed and no hours were posted. The server did not observe any indications that Exqline is here." *Id.* Next, on April 24 and April 27, CBC attempted service on Exqline at 13620 Benson Ave. Suite B Chino, CA 91710, which is the U.S. address listed on Exqline's www.thebestplaypen.com website. *Id.* ¶ 4. According to the process server, the "[n]ame of the business here is called Idea Electronics," and the representative "refused to give [his] name" and said "there is no such company there by [the] name [Exqline]. [Idea Electronics] has been here for one year." *Id.*

Next, on May 18, CBC requested that Jeffrey Yee, Exqline's U.S. counsel, accept service of the summons and complaint.[1] *Id.* ¶ 6. Mr. Yee responded on May 20, 2020 and stated that he was not authorized to accept service for Exqline. *Id.* However, on May 26, Mr. Yee contacted CBC's counsel on behalf of Exqline to engage in discussions regarding resolution of this case. *Id.* ¶ 7. During the phone conversation, Mr. Yee confirmed that he made his client aware of the complaint and that he has the authority to settle this dispute on behalf of Exqline. *Id.* CBC's counsel and Mr. Yee continue to engage in discussions regarding this case. *Id.*

Regarding CBC's attempts to serve Shopify, CBC first attempted service of the summons and complaint on April 3, 2020, at its principal place of business, 150 Elgin Street, 8th Floor,

---

[1] According to CBC, Mr. Yee previously represented Exqline in connection with discussions with CBC's counsel in a separate matter pending in this District involving an individual with ties to Exqline (*The California Beach Co. LLC v. Han Xian Du*, 4:19-cv-08426-YGR). *Id.* ¶ 6.

1  Ottawa, ON 00214. *Id.* ¶ 9. The process server was unable to complete service as the location

2  was closed due to COVID-19. *Id.* CBC attempted to serve Shopify two more times at its

3  principal place of business—on April 14 and May 4, 2020—and both times service was

4  unsuccessful because the office remained closed due to COVID-19. *Id.* Subsequently, CBC

5  attempted to serve Shopify at the same address on June 4, 2020, as well as at three additional

6  Canadian business addresses listed on Shopify's website (490 rue de la Gauchetiere O., Montreal,

7  QC 00214; 57 Erb Street W., Waterloo, ON 00214; and 80 Spadina Avenue, 4th Floor, Toronto,

8  ON 00214) on June 10, 2020. *Id.* ¶ 10. Following these attempts, the process server informed

9  CBC that "it appears that all Shopify locations are closed and not operating," that an answering

10  service indicated that the business was closed due to COVID-19, and that "[a] Ms. Anna Gomez

11  who was working remotely conveyed [] that service on Shopify must be procured via email." *Id.*

12  The process server provided the email address Ms. Gomez stated must be used for service, namely

13  Legal-orders@shopify.com. *Id.*

14  CBC filed the present motion on June 16, 2020, arguing that substitute service is needed

15  because it is left without an avenue to obtain the remedies sought in this case. Mot. at 5. CBC

16  also seeks an extension of the time to serve. *Id.*

### III.  LEGAL STANDARD

18  Federal Rules of Civil Procedure 4(h)(2) and 4(f) establish three mechanisms for serving a

19  corporation in a foreign country: (1) by an internationally agreed means of service that is

20  reasonably calculated to give notice, such as those provided by the Hague Convention; (2) by

21  means reasonably calculated to give notice; or (3) by other means not prohibited by international

22  agreement, as the court orders. Under Rule 4(f)(3), courts can order service through a variety of

23  methods, "including publication, ordinary mail, mail to the defendant's last known address,

24  delivery to the defendant's attorney, telex, and most recently, email," provided there is no

25  international agreement directly to the contrary. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d

26  1007, 1016 (9th Cir. 2002). To comport with due process, "the method of service crafted by the

27  district court must be 'reasonably calculated, under all the circumstances, to apprise interested

28  parties of the pendency of the action and afford them an opportunity to present their objections.'"

3

*Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

"[Plaintiff] need not have attempted every permissible means of service of process before petitioning the court for alternative relief," but must only "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Id.* at 1016. However, the decision to provide an order under Rule 4(f)(3) is within the sound discretion of the district court, which must determine whether the "particularities and necessities of a given case require alternative service of process." *Id.*

### IV.    DISCUSSION

#### A.    Alternative Service is Not Prohibited by International Agreement

China (Exqline's primary location) and the United States are signatories of the Hague Convention referenced in Rule 4(f)(1). *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; HCCH, Status Table (Apr. 11, 2018), available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.  Even so, the form of alternative service sought here is not subject to the Convention, much less prohibited by it. *See, e.g., Juicero, Inc. v. Itaste Co.*, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017) ("service on Defendants' U.S.-based attorney is permissible because the Hague Convention does not bar this type of service."); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012) (explaining that "[t]he mere fact that the foreign individual defendants reside in a country that is a signatory to the Convention," namely China, "does not compel the conclusion that the Convention applies to service on those defendants," including where "valid service occurs in the United States" such as by service on the Chinese defendant's American lawyer). Indeed, "[s]ervice upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)." *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011).

Here, service on Exqline, located in China, is not limited by the Convention. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (the "only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of

4

service"). Therefore, service on Exqline's U.S.-based attorney is not prohibited. *See, e.g. Brown*, 285 F.R.D. at 566 (granting plaintiffs' motion to effect alternative service by serving corporate defendant's U.S.-based counsel).

Additionally, the United States and Canada (Shopify's primary place of business) are signatories to the Hague Convention. Cases in this District have found that the Convention does not expressly prohibit email service. *See, e.g. Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (finding service on foreign defendants, including Canadian defendant, via email was not prohibited by international agreement); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2, *3 (N.D. Cal. Apr. 17, 2007) (finding service via email is not prohibited by international agreement and granting leave to serve Canadian defendant via email and international registered mail). Therefore, service on Shopify via the email address its representative provided is not prohibited by international agreement.

**B.     Alternative Service Comports with Due Process Requirements**

Due process requires that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane*, 339 U.S. at 314).

"Courts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants." *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1378532, at *4 (N.D. Cal. Apr. 11, 2017) (citing *Brown*, 285 F.R.D. at 566). Here, service on Exqline by service on Mr. Yee complies with due process because the record before the Court indicates he serves as U.S. counsel for Exqline, represents Exqline in discussions with CBC's counsel regarding this case, and confirmed that Exqline was aware of the summons and complaint. Pellant Decl. ¶ 7. Indeed, counsel for CBC and Mr. Yee have been in contact as recently as the date CBC filed this motion, June 16, 2020. *Id.* Given this attorney-client relationship between Exqline and Mr. Yee, alternate service is reasonably calculated to apprise Exqline of the pendency of this action and afford it an opportunity to present its objections. *See Rio Props.*, 284 F.3d at

5

1017 (finding service upon U.S.-based attorney was appropriate "because he had been specifically consulted by [Defendant] regarding this lawsuit," "[h]e knew of [Defendant's] legal positions and it seems clear that he was in contact with [Defendant] in Costa Rica."); *Prods. & Ventures Int'l*, 2017 WL 1378532, at *4 ("Hogan Lovells' close connection to the Foreign Defendants would render substituted service on the Foreign Defendants through Hogan Lovells as 'reasonably calculated' to provide the same with sufficient notice of the action and an opportunity to object."); *Brown*, 285 F.R.D. at 565–66 ("Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf."); *In re LDK Solar Sec. Litig.*, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (approving Rule 4(f)(3) service when, "plaintiffs have shown the difficulty of serving the unserved defendants located abroad" and "[d]efense counsel have refused to accept service on behalf of the unserved defendants on the ground that they do not represent the international defendants.").

Further, courts in this District have found that service by email is reasonably calculated to provide actual notice. *See, e.g. Facebook*, 2012 WL 1038752, at *2. In *Facebook*, the court reached this conclusion by explaining that the foreign defendants were involved in commercial internet activities, the foreign defendants relied on electronic communications to operate their businesses and plaintiff had valid email addresses for them, and that the plaintiff demonstrated it had made attempts to serve the defendants at physical addresses that proved unsuitable for service. *Id.* Here, as in *Facebook*, Shopify is involved in commercial internet activities, namely running an e-commerce platform which is used by Exqline to sell the allegedly infringing products at the heart of this lawsuit. And, as in *Facebook*, Shopify relies on electronic communications to operate its business and CBC has a valid email address provided by Shopify's representative. Pellant Decl. ¶ 10, Ex. I. Further, as in *Facebook*, CBC has made multiple attempts to serve Shopify at its physical addresses and discovered that these addresses are unsuitable for service at this time and for the foreseeable future due to COVID-19. *Id.* ¶¶ 9-10. Additionally, a representative of Shopify has expressly stated that no personal service is allowed and that "[a]ll service of process must be conducted on Shopify Inc. via email by causing delivery of the documents to Legal-

orders@shopify.com."[2]  Pellant Decl. ¶ 10, Ex. I.  In light of Shopify's statement that service via its email address is required, in addition to the other circumstances described above, service on Shopify via its email address comports with due process requirements.

## V.     CONCLUSION

In sum, the Court finds the facts weigh in favor of allowing CBC to serve Exqline through its U.S.-based attorney, Mr. Yee, and Shopify through its email address, Legal-orders@shopify.com.  Accordingly, the Court in its discretion **GRANTS** CBC's motion for substitute service.  CBC is authorized to utilize substituted service of process on Defendant Exqline, Inc. through its U.S.-based counsel, Jeffrey Yee of Lewis Brisbois & Smith, LLP.  CBC is further authorized to utilize substituted service of process on Defendant Shopify Inc. through email, return receipt requested.  Any return of service on Shopify must include proof that CBC has attempted, at a minimum, to verify actual receipt of the email message.  The deadline to serve Defendants is extended by 60-days to August 17, 2020.  The Case Management Conference is **CONTINUED** to October 1, 2020 at 10:00 a.m.  All related deadlines are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: July 7, 2020

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] The Court also notes that Shopify's webpage, last updated on June 10, 2020, provides the following notice: "Due to office closures, we cannot accept service at any of our physical locations until further notice.  Legal requests should be directed to legal-orders@shopify.com until further notice." *See* https://www.shopify.com/legal/gvtaccesspolicy#:~:text=To%20inquire%20about%20email%20service,subpoena%20power%2C%20or%20improper%20service.&text=150%20Elgin%20St.,8th%20Fl. (last visited July 7, 2020).